IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AFTONN THOMPSON                                                                                         PLAINTIFF

vs.                                              Civil No. 2:18-cv-02040

NANCY A. BERRYHILL                                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Aftonn Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her disability application on September 24, 2015. (Tr. 12). In her application, Plaintiff alleges being disabled due to a learning disability and being "nervous around people." (Tr. 184). Plaintiff alleges an onset date of March 15, 2015. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 65-88). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 29-64). Plaintiff's administrative hearing was held on August 22, 2016 in Fort Smith, Arkansas. *Id.*

At this hearing, Plaintiff was present and was represented by counsel, Michael Joe Hamby. (Tr. 29-64). Plaintiff and Vocational Expert ("VE") Debra Steel testified at this hearing. *Id.* At this hearing, Plaintiff testified she was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 34-35). As for her education, Plaintiff testified she had completed high school with special education. (Tr. 35).

On June 13, 2017, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 9-22). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 24, 2015, her application date. (Tr. 14, Finding 1). The ALJ found Plaintiff had the following severe impairments: mild intellectual disability; and persistent depressive disorder/adjustment disorder with depressed and anxious mood. (Tr. 14, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of simple, routine, repetitive tasks with incidental interpersonal contact with coworkers and supervisors, no contact with the public and simple, direct, and concrete supervision.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 5). Based upon her work experience and her PRW, the ALJ determined Plaintiff retained the capacity to perform her PRW as a hospital cleaner (medium, unskilled). *Id.* In accordance with this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 24, 2015 (application date) through the date of his decision or through June 13, 2017 (ALJ's decision date). (Tr. 21, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On February 7, 2018, the Appeals Council denied this request for review. (Tr. 2-4). On February 27, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 17-18. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

3

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ erred in evaluating her mental RFC. ECF No. 17 at 1-6. Notably, Plaintiff claims the record provided a "consistent pattern evidencing that . . . [she] . . . simply cannot function in a work like setting." *Id.* Therefore, Plaintiff claims she should found to be disabled. *Id.* Because this is the only claim Plaintiff has raised, the Court will only address this issue.

Based upon the Court's review of the transcript and briefing in this matter, the Court finds no basis for reversal on this issue. Indeed, in his disability determination, the ALJ did consider Plaintiff's mental limitations in assessing Plaintiff's RFC. The ALJ found Plaintiff had the following limitations due to a mental impairment: "mild intellectual disability; and persistent depressive disorder/adjustment disorder with depressed and anxious mood." (Tr. 14, Finding 2).

In her briefing, Plaintiff raises the single claim that the ALJ erred in assessing her mental RFC because there is a "consistent pattern evidencing . . . [she] . . . simply cannot function in a work like setting." ECF No. 17 at 4. The only evidentiary support Plaintiff provides for this claim is a full scale IQ score of 64 a consulting examiner assigned her. *Id.* at 3-4. The ALJ, however, *did consider* her low IQ score when evaluating her limitations. The ALJ also noted Plaintiff had a "marked" limitation "in understanding, remembering, or applying information." (Tr. 15). This assessment was due to the fact Plaintiff had been assigned this low IQ score. *Id.*

After considering the ALJ's findings and the briefing in this matter, the Court finds no basis for reversal on this issue. The fact Plaintiff provided so little support for this claim in her briefing

5

and so little substantive argument as to how the ALJ erred in assessing her mental RFC also undercuts her allegations. *See, e.g.,Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 28th day of November 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE